## STATE v DYE.

No. 2484.   Decided February 5, 1914 (138 Pac. 1193).

1. HOMICIDE—APPEAL—HARMLESS ERROR—INSTRUCTIONS—DEGREE OF OFFENSE. The court fully explained to the jury the different degrees of homicide, and, after fully charging on first degree murder, instructed that the offense of second degree murder, voluntary manslaughter, and involuntary manslaughter were necessarily included in the offense of first degree murder charged, and that accused might be convicted of any offense so included, and that second degree murder was lower in degree than first degree murder, and voluntary manslaughter lower than second degree murder, and involuntary manslaughter lower in degree than voluntary manslaughter, and, if there was a reasonable doubt as to which of two or more degrees of offense accused was guilty of, the jury could only convict him of the lowest of such degrees. The court further instructed that every person guilty of first degree murder should suffer death, or, upon the recommendation of the jury, may be imprisoned at hard labor for life, in the court's discretion. The verdict was for murder in the first degree without any recommendation. *Held*, in view of the fact that the jury made no recommendation for life imprisonment, accused could not have been prejudiced by the court's failure to instruct as to the punishment appropriate to each degree of homicide. (Page 191.)

2. CRIMINAL LAW—CREDIBILITY—TESTIMONY FALSE IN PART. The court instructed that if the jury believed that any witness had willfully testified falsely to any material facts, it could disregard the whole of the testimony of such witness, except as he may have been corroborated by credible witnesses or evidence, and further instructed that the jury were the exclusive judges of the facts and of the weight of the evidence and, in weighing the evidence, could consider the bias of any witness and determine from the facts what weight should be given to the testimony of any witness, and that it was not bound to believe all the witnesses may have testified to, but could believe one witness as against many, or vice versa, and should acquit if, after considering all of the evidence, it could reasonably explain the facts given in evidence on any reasonable ground other than guilt. *Held*, that the first instruction could not have been prejudicial to accused.[1]   (Page 193.)

[1]State v. Morris, 40 Utah, 431, 122 Pac. 380; State v. Reese, 43 Utah, 447, 135 Pac. 270.

APPEAL from District Court, Third District; *Hon. Fred C. Loofbourow,* Judge.

Idellus M. Dye was convicted of first degree murder. He appeals.

AFFIRMED.

*Soren X. Christensen* for appellant.

*A. R. Barnes,* Attorney-Genreal, and *E. V. Higgins,* and *G. A. Iverson,* Assistant Attorneys-General, for the State.

McCARTY, C. J.

The defendant was convicted in the district court of Salt Lake County of the crime of murder in the first degree. From the judgment imposing the death penalty, defendant has appealed to this court.

No bill of exceptions was prepared and settled in the case; hence the appeal is on the judgment roll alone. The alleged errors assigned and discussed by defendant relate to certain of the court's instructions to the jury. The alleged error most grievously complained of by counsel for defendant is that the court, in defining to the jury the different degrees of homicide, failed to inform them of "the punishment appropriate to each." The court in its charge, carefully and somewhat elaborately explained to the jury the different degrees of homicide as defined and fixed by the statute. After fully charging them as to first degree murder, the court, among other things, instructed the jury that:

"The offense of murder in the second degree, and of voluntary manslaughter, and of involuntary manslaughter, are necessarily included in the offense charged in the information, and under the laws of this state the defendant may be convicted of either of such offenses so included, and you are instructed that murder in the second degree is lower in degree than murder in the first degree, and that voluntary manslaughter is lower in degree than murder in the second degree,

and that involuntary manslaughter is lower in degree than voluntary manslaughter, and if, in this case, you are satisfied from all the evidence beyond a reasonable doubt that the defendant has committed a public offense, and there is in your mind a reasonable doubt as to which of two or more degrees he is guilty, you can convict him of the lowest of such degrees only."

The court also charged the jury in the language of the statute as follows:

"Every person guilty of murder in the first degree shall suffer death, or, upon the recommendation of the jury, may be imprisoned at hard labor in the state prison for life, in the discretion of the court."

The jury were thus advised that the penalty for first degree murder is death unless in their verdict they recommended that the defendant be imprisoned in the state prison at hard labor for life; and that the court upon such recommendation, but not otherwise, could, in its discretion, impose a sentence of life imprisonment. The jury, notwithstanding they were thus fully instructed regarding the different degrees of homicide and that if they found the defendant guilty of murder in the first degree the court, upon their recommendation, but not otherwise, could impose a sentence of life imprisonment, nevertheless returned a verdict of first degree murder without such a recommendation. The defendant therefore, in view of the fact that the jury by their verdict found him guilty of first degree murder and declined to make such recommendation, could not have been prejudiced by the failure of the court to state to the jury the penalty of the lower degrees of homicide. The jury having refused to recommend life imprisonment, the lesser penalty for murder in the first degree, it is not reasonable to suppose they would have found the defendant guilty of one of the lesser degrees of homicide had they been instructed what the penalty is for each of the separate degrees of homicide. That assignment of error is therefore overruled.

The giving of the following instruction is also assigned as error:

"If you shall believe any witness has willfully testified falsely to any material fact in the case, you are at liberty to disregard the whole of the testimony of **2** such witness, except as he may have been corroborated by credible witnesses or credible evidence in the case."

An instruction identical with the foregoing was given in the case of *State v. Morris,* 40 Utah, 431, 122 Pac. 380, recently decided by this court. We there held that the instruction, considered in .connection with the balance of the court's charge, could not have prejudiced the defendant. This doctrine was reaffirmed in *State v. Reese,* 43 Utah, 447, 135 Pac. 270. The court in the case at bar, as in the Morris Case, instructed the jury that they were "the exclusive judges of the facts" and of "the weight of the evidence"; that in weighing the testimony "you may consider the bias of any witness, if any is shown, to testify in favor of or against either party," etc.; and "from all the facts and circumstances given in evidence before you determine what weight ought to be given to the testimony of any witness. You are not bound to believe all the witnesses may have testified to, nor are you bound to believe any witness; you may believe one witness as against many, or many witnesses against one," and "if, after an entire consideration and comparison of all the testimony in the case, you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit him." On the authority of the cases of *State v. Morris,* and *State v. Reese, supra,* which we think were correctly decided, this assignment is overruled.

Complaint is made of other portions of the court's charge but we do not deem the assignments in such particulars of sufficient importance to require a discussion.

We find no error in the record.

The judgment is therefore affirmed, with directions to the trial court to fix a day to carry its sentence into effect.

STRAUP and FRICK, JJ., concur.